PER CURIAM.
This matter is before the Court on Petition for Leave to Resign pursuant to Rule 11.08 of the Integration Rule of The Florida Bar.
On the 8th day of March, 1976 The Florida Bar served its Complaint against Respondent alleging as follows:
1. The Respondent, Louis Schonbrun is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, required by the Integration Rule, have been fulfilled.
3. On or about September 5, 1972, Respondent drafted a will for Albert Haber.
4. On or about September 5, 1972, Respondent delivered the aforementioned will to Albert Haber.
5. Albert Haber died on January 24, 1975.
6. On or about January 29, 1975, Respondent discovered that Albert Haber had not executed the aforementioned will in the presence of two witnesses.
7. On or about January 29, 1975, Respondent directed Albert Haber’s widow, Betty Lou Haber, to have two people sign Albert Haber’s will of September 5, 1972 as witnesses.
8. Respondent informed Betty Lou Haber that he could not become involved in obtaining the necessary signatures of the two persons who were to sign Albert Haber’s will.
9. Subsequent to Respondent’s discovery that the will lacked the signatures of two necessary witnesses, and subsequent to his directions to Betty Lou Haber to obtain two signatures as purported witnesses, Betty Lou Haber secured the signatures of Barbara Jean Graham and Zeffa Mae Staples.
10. Thereafter, on or about January 30, 1975, Barbara Jean Graham, in the company of Respondent’s son, attested to her signature on Albert Haber’s will of September 5, 1972.
*887 11. The September 5,1972 will of Albert Haber, with the purported witnesses’ signatures, was filed for probate on February 7, 1975.
12. By reason of the foregoing conduct, Respondent has violated Disciplinary Rules 1-102(A)(2), 1402(A)(3), 1= 102(A)(4), 1-102(A)(5), 1-102(A)(6), 7-102(A)(2), 7-102(A)(4), 7.402(A)(5), 7= 102(A)(6), 7-102(B)(l) and 7-102(B)(2) of the Code of Professional Responsibility.
Pending disposition of these charges Respondent filed a Petition for Leave to Resign.
The Petition for Leave to Resign is panted on the following conditions: 1. Petitioner shall pay the costs of the proceedings in the amount of Five Hundred Forty-Five Dollars and Twenty Cents ($545.20); 2. Confidentiality is hereby waived; and 3. Petitioner is hereby required to prove rehabilitation as contemplated by Rule 11.11 of the Florida Intepation Rule and Bylaws thereunder requiring successful completion of The Florida Bar examination.
It is so ordered.
ADKINS, Acting C. J., and BOYD, ING-LAND, SUNDBIRQ and HATCHITT, JJ., concur.